UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

N.S. o/b/o W.F.,

Plaintiff,

v.

STURGIS PUBLIC SCHOOLS,

Defendant.

Case No. 1:23-cv-448

Hon. Paul L. Maloney

## FED. R. CIV. P. 26(f) JOINT STATUS REPORT

The parties, by and through their counsel pursuant to Fed. R. Civ. P. 26(f), present to this Court the following Joint Discovery Plan.

A Rule 16 Scheduling Conference is scheduled for August 18, 2023, at 11:00 a.m. before the Hon. Phillip J. Green. Appearing for the parties as counsel will be: Elizabeth Abdnour for Plaintiff and Kenneth Chapie for Defendants.

1. Jurisdiction: Jurisdiction: Jurisdiction is conferred upon this Court by Individuals with Disabilities in Education Act, 20 U.S.C. §§ 1415(i)(2)(A) and (3)(A) and 34 C.F.R. § 300.51; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq.*; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*; and pursuant to the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. § 12101 *et seq.*, pursuant to 28 U.S.C. § 1331, based upon the federal question raised herein, and 29 U.S.C. § 626 and 28 U.S.C. § 1343. Plaintiff has exhausted all administrative remedies pursuant to 20 U.S.C. § 1415(l). Defendant does not dispute the Court's jurisdiction over Plaintiff's federal claims.

2. Jury or Non-Jury: This case is to be tried before a jury.

3. <u>Judicial Availability</u>: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. <u>Statement of the Case</u>:

   Plaintiff's Statement: Plaintiff brings claims against Defendant Sturgis Public Schools (SPS) for violations of the IDEA, Section 504 of the Rehabilitation Act, Title II of the ADA, and Title VI of the Civil Rights Act of 1964 on behalf of her son, W.F. W.F. is an SPS student.  W.F. is and has been eligible for special education services and entitled to receive a free appropriate public education (FAPE). However, SPS failed to provide W.F. a FAPE by failing to evaluate him, failing to draft an IEP reasonably calculated to meet his educational needs, failing to revise his IEP to enable him to make progress, and by failing to follow IDEA's disciplinary procedures when responding to W.F.'s behaviors.

   Defendant's Statement: Defendant denies that it has discriminated against W.F. Defendant has been providing W.F. with a FAPE and continues to do so. Defendant also followed all discipline plans and IEPs.

5. <u>Prospects of Settlement</u>: Settlement negotiations have not yet begun.

6. <u>Pendent State Claims</u>: This case includes pendent state claims.  Those claims include disability discrimination in violation of the Persons with Disabilities Civil Rights Act and race discrimination in violation of the Elliott-Larsen Civil Rights Act.

   Defendant leaves it to the Court's discretion as to whether it retains pendent jurisdiction over the state law claims.

7. <u>Joinder of Parties and Amendment of Pleadings</u>: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by <u>August 31, 2023</u>.

8. <u>Disclosures and Exchanges</u>:

   a. FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures: <u>October 1, 2023.</u>

   b. The plaintiff expects to be able to furnish the names of plaintiff's expert witness(es) by <u>January 5, 2024</u>. Defendant expects to be able to furnish the names of defendant's expert witness(es) by <u>February 2, 2024</u>.

   c. It would be advisable in this case to exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

   Plaintiff's expert reports: <u>February 16, 2024.</u>

   Defendant's expert reports: <u>March 15, 2024</u>.

   Rebuttal expert disclosures: <u>March 29, 2024</u>.

   d. The parties have agreed to make available the following documents without the need of a formal request for production:   documents from the due process hearing.

9. <u>Discovery</u>: The parties believe that all discovery proceedings can be completed by <u>April 26, 2024</u>. The parties recommend the following discovery plan:

   Initial disclosures: <u>October 1, 2023</u>.

   Exhibits: <u>To be determined once trial is set.</u>

   Written discovery deadline: <u>To be determined once trial is set.</u>

   Deposition deadline: <u>May 10, 2024</u>.

   Fed. R. Civ. P. 26(a)(3) Pretrial disclosures: <u>To be determined once trial is set.</u>

10. <u>Disclosure or Discovery of Electronically Stored Information</u>: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: The parties will discuss a proposed stand-alone stipulated protective order governing the handling of ESI as well as the handling of confidential information that may be produced in this litigation.

11. <u>Assertion of Claims of Privilege or Work-Product Immunity After Production</u>: The parties agree that claims of privilege or work product will not be waived in the event of any inadvertent disclosure of such information. The parties agree to deal with claims of privilege or work-product immunity in the manner set forth in Fed. R. Civ. P. 26(b)(5). If work product, attorney client, or trial preparation privileges are asserted and a document withheld in its entirety, a privilege log will be contemporaneously prepared. If a document is redacted for privilege, the redaction shall state on its face the privileged claimed. As needed, the parties agree to develop in good faith a stipulated protective order covering claims of privilege or work-product. Both parties reserve the right to file a motion for protective order should they fail to agree to a stipulated order.

    It is anticipated that records may be exchanged that contained student identifying information. Any records containing student identifying information are privileged pursuant to the Family Educational Privacy and Rights Act (20 U.S.C. § 1232g; 34 CFR Part 99).

12. <u>Motions</u>: The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive

motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

- Plaintiff: Dauber motions, motions *in limine*, motion for summary judgment
- Defendant: Daubert motions, motions *in limine*, motion for summary judgment

The parties anticipate that all dispositive motions will be filed by: <u>To be determined once trial is set.</u>

13. <u>Alternative Dispute Resolution</u>: In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

    Plaintiff recommends that this case be submitted to the following method(s) of alternative dispute resolution: voluntary facilitative mediation.

    Defendant recommends that this case be submitted to the following method(s) of alternative dispute resolution: facilitation.

14. <u>Length of Trial</u>: Counsel estimate the trial will last approximately <u>9</u> days total, allocated as follows: <u>5</u> days for plaintiff's case, <u>4</u> days for defendants' case.

15. <u>Electronic Document Filing System</u>: Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents

to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner.

16. <u>Other</u>: None.

Dated: August 15, 2023

Respectfully submitted,

*/s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour (P78203)
ABDNOUR WEIKER LLP
500 E. Michigan Ave., Ste. 130
Lansing, MI 48912
P: (517) 994-1776
F: (614) 417-5081
liz@education-rights.com

Jacquelyn N. Kmetz (P83575)
BARGER & GAINES
90 North Broadway, Suite 320
Irvington, New York 10533
P: (914) 902-5918
F: (914) 902-5917
jacquelyn@bargergaines.com

*Attorneys for Plaintiff*

/s/*Kenneth B. Chapie*
Timothy J. Mullins (P28021)
Kenneth B. Chapie (P66148)
GIARMARCO, MULLINS & HORTON, P.C.
*Attorneys for Defendants*
101 W. Big Beaver Rd., 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
kchapie@gmhlaw.com

6