UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

N.S. o/b/o W.F.,

       Plaintiff,

v

STURGIS PUBLIC SCHOOLS,

       Defendant.

_____/

Judge Paul L Maloney
Magistrate Judge Phillip J. Green
No. 23-448

| | |
|---|---|
| ELIZABETH K. ABDNOUR (P78203) | TIMOTHY J. MULLINS (P28021) |
| JACQUELYN N. KMETZ (P83575) | KENNETH B. CHAPIE (P66148) |
| RENEE A. STROMSKI (OH: 0101347) | LINDSAY P. HAZEN (P85861) |
| ABDNOUR WEIKER LLP | GIARMARCO, MULLINS & HORTON, P.C. |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 500 E. Michigan Ave., Ste. 130 | 101 W. Big Beaver Road, 10th Floor |
| Lansing, MI 48912 | Troy, MI 48084-5280 |
| (517) 994-1776 | (248) 457-7020 |
| liz@education-rights.com | tmullins@gmhlaw.com |
| jacquelyn@education-rights.com | kchapie@gmhlaw.com |
| renee@education-rights.com | lhazen@gmhlaw.com |

**DEFENDANT'S EX PARTE MOTION TO EXCEED THE PAGE LIMIT FOR
EXHIBITS ATTACHED TO MOTION FOR SUMMARY JUDGMENT**

Defendant requests that this Court allow it to submit exhibits attached to its Motion for

Summary Judgment in excess of the two hundred (200) page count limit in W.D. Mich. L.Civ.R.

7.1(b). In support of its motion, Defendant states:

1.      Plaintiff has essentially filed two lawsuits against Sturgis Public Schools (the

"District"). First, Plaintiff appeals an Administrative Law Judge's findings in the underlying

special education due process decision. Second, Plaintiff alleges various claims of race and

disability discrimination against the District.

2.      Defendants request that, pursuant to Local Rule 7.1(b), this Honorable Court allow

Defendant to exceed the two hundred (200) page limit for its exhibits attached to its Motion for

Summary Judgment.

3.      The Plaintiff's six count Complaint is 79 pages long and comprised of 309 numbered paragraphs. (ECF No. 1).

4.      The underlying special education due process decision extensively addresses the ten (10) allegations Plaintiff brought before the Administrative Law Judge including that the District failed (1) to develop appropriate Independent Evaluation Programs (IEPs) for W.F.; (2) to conduct comprehensive evaluations; (3) to conduct an FBA within 10 school days of a parent request; (4) to implement positive behavioral intervention supports; (5) to provide extended school year services; (6) to review and revise W.F.'s IEPs; (7) to consider all relevant information at MDRs; (8) to provide W.F. with services after 10 removals; (9) to provide W.F. with the least restrictive environment; and (10) to provide compensatory education.

5.      The administrative record includes three days of testimony from the due process hearing held on October 17, 18, and 19, 2022 and 49 exhibits including IEPs, District and independent evaluations, text messages between N.S. and District staff, emails between N.S. and District staff, disciplinary records, educational records, and behavior plans. Following the hearing, ALJ Lindsay Wilson issued a thorough 73-page Decision and Order.

6.      Though the Individuals with Disabilities Act ("IDEA") instructs those aggrieved by the findings of a due process decision who bring a civil action in a district court to provide the court with the records of the administrative proceedings, Plaintiff has not fulfilled their obligation. 20 U.S.C. § 1415(i)(2)(C)(i).

7.      Plaintiff has retained and provided reports from three experts in this matter. Defendant has retained and provided reports from two experts in this matter.

8.      Defendant cannot adequately present the relevant testimony and evidence

established both in discovery and in the underlying due process case within the 200-page limit for exhibits.

9.      Granting leave will not prejudice any of the parties in this case.

10.     Defendants have sought concurrence from Plaintiff regarding this Motion. Plaintiff's counsel granted concurrence with the relief requested via email.

11.     Defendants request that, pursuant to Local Rule 7.1(b), this Honorable Court allow Defendant to file approximately 375 pages of exhibits in support of its Motion for Summary Judgment.

WHEREFORE, Defendant requests that, pursuant to Local Rule 7.1(b), this Honorable Court allow Defendant to exceed the 200-page limit in its exhibits attached to its Motion for Summary Judgment.

Respectfully submitted,

/s/KENNETH B. CHAPIE
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant

DATED: November 15, 2024

## CERTIFICATE OF ELECTRONIC SERVICE

KENNETH B. CHAPIE states that on November 15, 2024, he did serve a copy of **Defendant's Ex Parte Motion to Exceed the Page Count Limit for Exhibits in Support of Its Motion for Summary Judgment** via the United States District Court electronic transmission.

/s/KENNETH B. CHAPIE
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7048
kchapie@gmhlaw.com
P66148