UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

N.S., o/b/o W.F.,

    Petitioner,

v.

STURGIS PUBLIC SCHOOLS,

    Respondent.
_____/

Case No: 1:23-cv-448

Hon. Paul L. Maloney

## JOINT STIPULATION AND ORDER
## TO SEAL ADMINSTRATIVE RECORD

Plaintiff N.S. and Defendant Sturgis Public Schools (the "District"), by their undersigned counsel, submit this stipulated order sealing administrative record. It is hereby stipulated, subject to approval of the Court, that the administrative record be sealed pursuant to LCivR 10.6 for the foregoing reasons:

1. Plaintiff W.F. is a minor who has brought this case, through his mother Plaintiff N.S., to appeal the state Administrative Law Judge's (ALJ) decision that, among other things, the District failed to provide him with a free appropriate public education as required under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, *et seq*.

2. Plaintiff seeks to file the administrative record with this Court under seal. The administrative record contains the documents and audio recordings relied upon by the ALJ in ruling on this matter. Those documents are:

    i.    State Complaint;

    ii.    Due Process Complaint;

    iii.    Answer to Due Process Complaint;

    iv.    Petitioner's Exhibit 23 (P23) – Individualized Education Program (IEPT) Team Report, April 17, 2019;

    v.      P37 – REED, January 20, 2020;

    vi.     P38 – Letter from Dr. Woodruff, January 23, 2020;

    vii.    P39 – Multidisciplinary Evaluation Team (MET) Report, March 11, 2020;

    vii.    P40 - Individualized Education Program (IEPT) Team Report, April 6, 2020;

    ix.     P44 – Text Messages Between Petitioner and Ms. Richardson;

    x.      P46 – Emails Between Petitioner and District Staff, February 2021;

    xi.     P47 – Emails Between Petitioner and District Staff, March 2021;

    xii.    P48 – Emails Between Petitioner and District Staff, April 2021;

    xiii.   P49 - Individualized Education Program (IEPT) Team Report, April 14, 2021;

    xiv.   P50 – Emails Between Petitioner and District Staff, April 14, 2021;

    xv.    P52 – Text Messages Between Petitioner and Ms. Richardson, August 2021;

    xvi.   P53 - Text Messages Between Petitioner and Ms. Richardson, September 2021;

    xvii.  P55 - Text Messages Between Petitioner and Ms. Richardson, October 2021;

    xviii. P56 - Text Messages Between Petitioner and Ms. Richardson, November 2021;

    xix.   P57 – Manifestation Determination Review (MDR), November 9, 2021;

    xx.    P58 – Attendance Log, November 19, 2021;

    xxi.   P61 – Emails Between Petitioner and District Staff, December 2021;

    xxii.  P64 – Notice of Truancy Conference with Family Court, December 3, 2021;

    xxiii. P65 – Petitioner's Notes from the MDR, December 6, 2021;

    xxiv. P66 – Manifestation Determination Review (MDR), December 6, 2021;

    xxv.  P68 – School-Based Therapist Referral, December 13, 2021;

xxvi. P71 – Emails Between Petitioner and District Staff, January 2022;

xxvii. P73 – Text Messages Between Petitioner and District Staff, January 2022;

xxviii. P75 – Behavior Plan, January 5, 2022;

xxix. P77- Behavior Plan, January 9, 2022;

xxx. P79 – Behavior Log, January 18, 2022;

xxxi. P81 – Petitioner's Notes from an IEP Meeting, January 20, 2022;

xxxii. P82 – IEP Progress Report, January 20, 2022;

xxxiii. P83 - Individualized Education Program (IEPT) Team Report, January 20, 2020;

xxiv. P84 – Map Growth Winter 2022 Family Report, January 20, 2022;

xxxv. P89 – Independent Comprehensive Psychoeducational Evaluation, September 21, 2022;

xxxvi. P91 – Independent Functional Behavior Assessment, September 28, 2022;

xxxvii. P93 – Independent Behavior Support Plan, October 3, 2022;

xxxviii. P95 – Review by David Bateman, Ph.D., of Student's Evaluation/IEP/FBA, October 10, 2022;

xxxix. Respondents' Exhibit A (R-A) – REED, January 20, 2020;

xl. R-B – Behavior Plan, March 2, 2020;

xli. R-C – MET Report, March 11, 2020;

xlii. R-D – IEP, April 16, 2020;

xliii. R-E – IEP, October 13, 2020;

xliv. R-F – IEP, October 21, 2020;

xlv. R-G – IEP, April 14, 2021;

xlvi. R-H – REED, April 16, 2021;

      xlvii.   R-I – MDR, November 9, 2021;

      xlvii.   R-J – MDR, December 6, 2021;

      xlix.   R-K – Behavior Plan, January 9, 2022;

      l.   R-L – Contingency Learning Plan, February 1, 2022;

      li.   R-N – Discipline Log, 2018-2022;

      lii.   R-R – Attendance, 2021-2022.

3. The administrative record contains specific details about the minor Plaintiff's disabilities, education performance, and other sensitive information. Plaintiff W.F. has a significant interest in protecting the privacy of these details while the public has very little interest in knowing them.

4. Redacting the records would not be an appropriate alternative because redaction of the minor Plaintiff W.F.'s records would require redaction of educational and medical records necessary for disposition of this case. Additionally, the administrative record is more than 1200 pages long. Thus, Plaintiff N.S., who is low-income, would be required to expend substantial costs and time redacting the records.

The parties stipulate and agree to seal the administrative record for the duration that this matter is active on the docket of this Court and any appeals thereafter, and, at the conclusion of any appeal, that the administrative record would be removed from the records of this Court and be destroyed or returned to the parties.

**IT IS SO STIPULATED** on December 9, 2024.

Respectfully submitted,

*/s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour (P78203)

Jacquelyn N. Kmetz (P83575)
*Attorneys for Plaintiff*
ABDNOUR WEIKER LLP
500 E. Michigan Ave., Ste. 130
Lansing, MI 48912
P: (517) 994-1776
F: (614) 417-5081
liz@education-rights.com
jacquelyn@education-rights.com


/s/ Lindsay P. Hazen
Timothy J. Mullins (P28021)
Kenneth B. Chapie (P66148)
Lindsay P. Hazen (P85861)
GIARMARCO, MULLINS & HORTON, P.C.
*Attorneys for Defendant*
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
kchapie@gmhlaw.com
lhazen@gmhlaw.com

## ORDER

Upon due consideration of the stipulation between the parties, the Court will approve the stipulation in part.  The Court will not approve the last paragraph of the stipulation.  Once the administrative record is filed, it will remain as part of the court record.  Accordingly,

**IT IS HEREBY ORDERED** that the stipulation to seal administrative record is APPROVED IN PART.  The stipulation is approved as to all aspects except for the final paragraph.


Dated:  December 10, 2024            /s/ Paul L. Maloney
                                     **U.S. District Court Judge**