UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| N.S.,<br>         Plaintiff,<br><br>v.<br><br>STURGIS PUBLIC SCHOOLS,<br>         Defendant. | )<br>)<br>)    No. 1:23-cv-448<br>)<br>)    Honorable Paul L. Maloney<br>)<br>)<br>) |

## ORDER RESOLVING MOTION TO STRIKE

This matter comes before the court on Plaintiff's motion to strike Defendant's motion for summary judgment. (ECF No. 35). The court need not wait for a response and will deny the motion.

Defendant filed a "motion for summary judgment." (ECF No. 28). On the first page of the filing, Defendant wrote in a footnote, "With Brief Incorporated." (*Id.* at PageID.290). Because Defendant incorporated its "motion" into its "brief," there is only one ECF number assigned to the filing. Typically, there are two docket entries for every motion—one for the motion itself and another for the accompanying brief. *See* LCivR 7.1(a); Fed. R. Civ. P. 7(b)(1).

"The generally accepted view that a motion to strike for redundancy ought not to be granted in the absence of a *clear showing of prejudice* to the movant . . . Modern litigation is too protracted and expensive for the litigants and the court to expend time and effort pruning or polishing the pleadings." 5C Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 1382, at 457–58 (2004) (emphasis added). Motions to strike are disfavored

1

and granted "only where the allegations are clearly immaterial to the controversy or would prejudice the movant." *Frisby v. Keith D. Weiner & Assocs. Co., LPA*, 669 F. Supp. 2d 863, 865 (N.D. Ohio 2009) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

Plaintiff moved to strike Defendant's filing because it violated the local rules. Plaintiff is correct, but Plaintiff does not explain how Defendant's filing is prejudicial in any way. To the contrary, Plaintiff filed their thorough response to Defendant's motion for summary judgment on the same day they filed this motion. If Defendant's filing was confusing or prejudicial, one would expect an earlier notification from the movant and perhaps a motion for an extension of time. Granting Plaintiff's motion would only cost the parties more time and resources. Defendant's counsel should comply with the local rules more closely in the future.

**IT IS HEREBY ORDERED** that Plaintiff's motion to strike (ECF No. 35) is **DENIED.**

**IT IS SO ORDERED.**

Date:  December 16, 2024                    /s/ Paul L. Maloney
                                            Paul L. Maloney
                                            United States District Judge