UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

N.S. o/b/o W.F.,

      Plaintiff,

v

STURGIS PUBLIC SCHOOLS,

      Defendant.
_____/

Judge Paul L Maloney
Magistrate Judge Phillip J. Green
No. 23-448

ELIZABETH K. ABDNOUR (P78203)
JACQUELYN N. KMETZ (P83575)
RENEE A. STROMSKI (OH: 0101347)
ABDNOUR WEIKER LLP
*Attorneys for Plaintiff*
500 E. Michigan Ave., Ste. 130
Lansing, MI 48912
(517) 994-1776
liz@education-rights.com
jacquelyn@education-rights.com
renee@education-rights.com

TIMOTHY J. MULLINS (P28021)
KENNETH B. CHAPIE (P66148)
LINDSAY P. HAZEN (P85861)
GIARMARCO, MULLINS & HORTON, P.C.
*Attorneys for Defendant*
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
kchapie@gmhlaw.com
lhazen@gmhlaw.com

# DEFENDANT STURGIS PUBLIC SCHOOLS' REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

### I. Plaintiff Waived The Bulk Of Her Claims And Failed To Prosecute Her Case.

Plaintiff's lawsuit should be dismissed in entirety because she effectively waives all claims before this Court.

First, Plaintiff has expressly waived her discrimination claims. Plaintiff does not respond to Defendant's arguments that Plaintiff's disability discrimination claims predicated on Section 504 of the Rehabilitation Act ("Section 504"), Title II of the Americans With Disabilities Act ("Title II"), and Michigan's Persons With Disabilities Civil Rights Act ("PWDCRA") and race discrimination claims pursuant to Title VI of the Civil Rights Act of 1964 ("Title VI") and Michigan's Elliot-Larsen Civil Rights Act ("ELCRA") cannot withstand summary judgment. As a result, Plaintiff has waived these claims and her associated requests for damages. A party's failure to respond to an argument raised in a motion to dismiss results in the forfeiture of that argument. *KSA Enterprises, Inc. v. Branch Banking & Tr. Co.*, 761 Fed. Appx. 456, 463 (6th Cir. 2019) (citing *Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir. 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim")).

Second, Plaintiff has effectively failed to prosecute her case, and this Court therefore has the authority to dismiss this action in entirety. Fed. R. Civ. P. 41(b); *Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir. 1999); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736-738 (6th Cir. 2008). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll*, 176 F.3d at 363 (brackets and internal quotation marks omitted). Courts are to consider four factors in deciding whether a case should be dismissed: "(1) whether the party's failure [to comply] is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's conduct;

(3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 362-63). Defendant has spent substantial time, money, and effort on defending this case only for Plaintiff to fail to prosecute her case and disingenuously argue Defendant should not be allowed to provide the Court with evidence produced from a discovery process Plaintiff forced Defendant into by filing this lawsuit.

After filing this lawsuit on May 1, 2023, conducting discovery for over a year including multiple depositions which included travel for all parties, serving Defendant with five written discovery requests—some after the close of discovery, and retaining multiple experts who drafted reports, Plaintiff has abandoned her claims. Plaintiff willfully waived her discrimination claims and did not properly or timely ask this Court to grant her relief on her administrative appeal. In adjudicating IDEA claims, the burden of persuasion clearly rests with the party who is seeking relief. *See Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 54-58 (2005); *Dong v. Bd. of Rochester Cmty Schs.*, 197 F.3d 793, 799-800 (6th Cir. 1999) (the burden of proof in the Sixth Circuit rests with the party challenging the terms of the IEP). Here, the burden of proof is properly allocated to Plaintiff since she seeks to appeal the administrative decision in this case, and it is her obligation alone to show that the ALJ's decision was erroneous regardless of who was the prevailing party at the administrative level. *Cordrey v. Euckert*, 917 F.2d 1460, 1466 (6th Cir. 1990), *cert. denied*, 499 U.S. 938 (1991). Despite this burden, Plaintiff did not file a dispositive motion by the Court issued deadline and effectively conceded she cannot meet the burden of proof and the ALJ's decision should be affirmed.

Finally, Plaintiff has also waived oral argument pursuant to Local Civil Rule 7.2(d) which provides "any party desiring oral argument shall include a request for oral argument in the caption

2

and the headings of the party's brief." Plaintiff has not requested oral argument.[1]

### II. Plaintiff Misunderstands The Standard Contemplated In *Endrew F* And Fails To Prove Substantive Harm.

Plaintiff disingenuously argues the ALJ relied on the "outdated" standard in *Hendrick Hudson Dist. Bd. of Ed. v. Rowley*, 458 U.S. 176 (1982), and "older" sixth circuit cases instead of the "heightened standard" regarding the provision of FAPE in *Endrew F. v. Douglas Cnty. Sch. Dist. RE-1*, 137 S.Ct. 988 (2017).

*Endrew F*. did not establish a new, heightened standard—rather, *Endrew F*. expanded the Supreme Court's explanation of the second prong of *Rowley*. In *Endrew F*., the Court adopted a general standard, stating that "[t]o meet its substantive obligation under the IDEA, a school must offer an IEP reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." *Id*. at 999. The standard does not require a school district to be prescient about what will work for a student. In articulating this standard, the Supreme Court expressly declined to "elaborate on what 'appropriate' progress will look like from case to case. It is in the nature of the [IDEA] and the standard we adopt to resist such an effort: The adequacy of a given IEP turns on the unique circumstances of the child for whom it was created." *Id*. at 1001. Importantly, "Any review of an IEP must appreciate that the question is whether the IEP is *reasonable*, not whether the court regards it as ideal." *Id.* at 999 (quoting *Rowley*, 458 U.S. at 206-07). The IDEA requires an IEP that is reasonable, not foolproof.

The Court cautioned that the absence of a bright-line rule should not be mistaken for "an invitation to the courts to substitute their own notions of sound educational policy for those of the

---

[1] Because this Court has already denied Plaintiff's Motion to Strike (ECF No. 35) on December 16, 2024 (ECF No. 38), Defendant will not respond to Plaintiff's argument regarding failure to file a motion. (ECF No. 37, PageID.1924).

school authorities which they review." *Id*. at 1001 (citing *Rowley*, 458 U.S. at 206). It explained "deference is based on the application of expertise and the exercise of judgment by school authorities" and "[a] reviewing court may fairly expect those authorities to be able to offer a cogent and responsive explanation for their decisions that shows the IEP is reasonably calculated to enable to the child to make progress appropriate in light of his circumstances." *Id*.

In *Barney v. Akron Board of Education*, which involved a parent's claim that the school district's IEP did not meet the *Endrew F.* standard because it was neither sufficiently "ambitious," nor sufficiently tailored to the child, the Sixth Circuit held:

> Barney first takes issue with J.B.'s program, which (she says) was not sufficiently "ambitious" or specific. Contrary to Barney's assertion, however, the program contained goals tailored to J.B.'s weaknesses in five categories: speech, fine motor skills, reading, writing, and math. Each goal included detailed academic objectives. Moreover, the program specified how much time should be spent weekly on each goal and provided for regular reporting of J.B.'s progress to his parents. Barney therefore has not shown why the program was not "reasonably calculated" to enable J.B. to make "progress appropriate in light of [his] circumstances."
>
> Barney also argues that the school district should have revised J.B.'s plan mid-year because J.B. was not meeting his goals. But the [IDEA] guarantees access to education—not that a student will achieve a particular outcome. See *Bd. of Educ. of Hendrick. Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 192 (1982). And Barney offers no evidence that J.B.'s progress was so deficient that the school district should have revised his goals in the middle of the school year.

763 Fed. Appx. 528, 533 (6th Cir. 2019). Similarly, here, the District provided W.F. with a multitude of supports and services tailored to help him make appropriate progress in light of his circumstances. W.F.'s goals include an extensive period of time wherein Defendant—along with the rest of the world—was dealing with the Covid-19 pandemic. W.F. was provided a virtual education from March 2020 until he returned to in-person learning in August 2021. Understandably, IEP goals in a virtual setting may differ from goals in an in-person setting. The unrebutted evidence from the administrative record established W.F.'s virtual learning was

4

successful and he performed well.

In contrast, Plaintiff does not identify any substantive violations to show why the program for W.F. was not "reasonably calculated" to enable W.F. to make appropriate progress in light of his circumstances. At most, Plaintiff argues procedural violations of the IDEA and the Sixth Circuit has expressly held that such technical violations do not render an IEP invalid and to conclude otherwise "is to exalt form over substance." *Winkelman, et al. v Parma City Sch. Dist.*, 411 F. Supp. 2d 722 (N.D. Ohio 2005) (aff'd *Winkelman, et al. v. Parma City Sch. Dist.*, 249 Fed. Appx. 997 (6th Cir. 2008)) (holding that, even where the IEP did not include occupational therapy goals, the violations were merely technical); *see also Doe v. Defendant I,* 898 F.2d 1186, 1190 (6th Cir. 1990) (holding that an IEP that did not include present educational performance levels and objective criteria for determining whether instructional goals were being met constituted a mere technical violation of the IDEA and emphasis should be placed on "the process by which the IEP is produced rather than the myriad of technical items that must be included in the written document"). Additionally, the administrative record is rife with evidence of noncompliance, W.F. refusing services, and N.S. declining accommodations.

**III.     The ALJ's Ruling Is Entitled To Deference.**

In the instant case, the final order of the Administrative Law Judge ("ALJ") is entitled to deference because it involves issues that require educational expertise. *See M.G. by & through C.G. v. Williamson Cty. Schs.*, 720 Fed. Appx. 280, 284 (6th Cir. 2018) (allowing a presumption that an ALJ's findings were based on educational expertise); *Woods v. Northport Pub. Sch.*, 487 Fed. Appx. 968, 975–76 (6th Cir. 2012) (holding that ALJ's decision was owed deference because it pertained to whether a student should have been provided services by a specialist); *Deal v. Hamilton Cnty Bd. of Ed.*, 392 F.3d 840, 865 (6th Cir. 2004) ("representative[s] of the state

5

presumed to have both the educational expertise and the ability to resolve questions of educational methodology that the federal courts do not have."); *D.K. v. Abington Sch. Dist.*, 696 F.3d 233, 243 (3d Cir. 2014) ("[Courts] must accept the state agency's credibility determinations unless the non-testimonial extrinsic evidence in the record would justify a contrary conclusion"). A district court "may set aside administrative findings in an IDEA case only if the evidence before the court is more likely than not to preclude the administrative decision from being justified based on the agency's presumed educational expertise, a fair estimate of the worth of the testimony, or both." *Bd. of Educ. of Fayette Cnty., Ky. v. L.M.*, 478 F.3d 307, 312–13 (6th Cir. 2007); *M.G.*, 720 Fed. Appx. at 283; *Burilovich v. Bd. of Educ. of Lincoln Consol. Schools,* 208 F.3d 560, 567 (6th Cir. 2000); *see also* 20 U.S.C. § 1415(i)(2).

The Decision and Order issued establishes that the ALJ carefully considered the evidence and rendered a well-reasoned decision that was justified based on the preponderance of the evidence. ECF No. 34-53. The ALJ reviewed 49 exhibits admitted into the record and issued a thorough 73-page Decision and Order. (*Id.*) Ultimately, Plaintiff had the burden of proof, and she failed to meet that burden. *See Cordrey*, 917 F.2d at 1469 (the party challenging the IEP bears the burden of proof in an IDEA action). Moreover, Plaintiff does not identify any specific exhibits that she feels should have been admitted, or otherwise offer any meaningful argument as to why she believes any particular exhibits were improperly excluded. Nor does Plaintiff articulate how she was allegedly harmed by the ALJ's alleged failure to admit any specific exhibits.

### IV. Defendant Is Entitled To Summary Judgment Or, In The Alternative, Judgment On The Pleadings Based On The Administrative Record.

Defendant identified in its Motion for Summary Judgment that it was entitled to relief under Plaintiff's IDEA claims because evidence showed Defendant complied with IDEA and developed an IEP for W.F. under the implementing regulations that would enable him to receive

6

educational benefits. In the alternative, Defendant also proposed this Court should affirm the ruling by the ALJ in the underlying special education due process matter where Plaintiff cannot cite any evidence the Judge failed to consider or identify any specific errors in their interpretation of the law. (ECF No. 28, PageID.298, 312-318).

In a due process appeal case, the Sixth Circuit has concluded:

> In a case involving a motion for summary judgment, the court should still apply modified de novo review, but must ensure that there are no genuine issues regarding the facts essential to the hearing officer's decision. In rendering its decision, the court may still rely upon the hearing officer's presumed educational expertise, **as long as the material facts underlying the officer's determination are not in dispute**.

*Burilovich,* 208 F.3d at 567 (citations omitted) (emphasis added). Here, no underlying material facts relied upon by the ALJ are in dispute.

Regardless, if this Court determines summary judgment is inappropriate, it may still decide the issues based on the administrative record, now that Plaintiff has provided it to the Court. (ECF No. 34). As the Sixth Circuit explained in *Doe ex rel. Doe v. Metro. Nashville Pub. Schs.,* 133 F.3d 384, 387 n. 2 (6th Cir.1998):

> If neither party has expressed a desire to put on evidence beyond that in the administrative record, as allowed by 20 U.S.C. § 1415(e)(2), the district court could have decided this case at the same stage in the proceedings, but such a decision would not have been summary judgment.... It is true that a district court in that situation would have nothing to do other than to decide the case based on the record.

Either vehicle for relief does not necessarily prohibit the consideration of evidence outside the administrative record. The court may consider evidence outside of the administrative record that was not presented to the ALJ if it is relevant to the issues that were before the ALJ. *Somberg on behalf of Somberg v. Utica Cmty. Sch.*, 908 F.3d 162, 174 (6th Cir. 2018) (citing *Deal*, 392 F.3d at 850–51 (6th Cir. 2004)) ("There is no evidence, for example, that the district court used the additional evidence to go beyond the scope of the matters before the ALJ; indeed, the district court

7

took great care to limit testimony to matters relevant to [the IEP before the ALJ]"). So long as this Court does not rule on issues beyond those presented to the ALJ, it may consider Defendant's exhibits that are not part of the administrative record.[2] Plaintiff's argument that Defendant seeks to introduce new evidence is unfair as Plaintiff did not file the administrative record until December 13, 2024—four weeks after Defendant filed its Motion for Summary Judgment. (ECF No. 34). Defendant could not file a dispositive motion without including evidence to support its arguments. The Court would have been unable to discern the extent of W.F.'s education and behaviors in a vacuum.

Should this Court determine a Motion for Summary Judgment is now the improper vehicle for relief, Defendant asks this Court to convert the present matter to a Motion for Judgment on the Pleadings Based on the Administrative Record. *See* Fed. R. Civ. P. 56(f) (the court may grant the motion on grounds not raised by a party). In the case at bar, the evidence and relevant law conclusively demonstrate that Plaintiff is entitled to judgment on the administrative record and/or summary judgment with respect to all claims.

## CONCLUSION

For all the reasons stated above, Defendant requests that this Court dismiss this case in its entirety, with prejudice, pursuant to Federal Rule of Civil Procedure 56.

Respectfully submitted,

/s/KENNTH B. CHAPIE
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant

DATED: December 27, 2024

---

[2] Exhibits ECF Nos. 28-17, 28-18, 28-22, 28-27, 28-29, and 28-30, though not part of the administrative record, may be considered without ruling on issues beyond those presented to the ALJ. Additionally, administrative record exhibits ECF Nos. 34-60, 34-62, and 34-63 may be considered in lieu of exhibits ECF Nos. 28-5, 28-6, 28-7, 28-8, and 28-19 as they are the same.

8

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this brief complies with the type-volume limitations of L.Civ.R. 7.2(b)(ii). The brief was prepared in Microsoft Word 2010, using a Times New Roman 12 pt. font. Microsoft Word 2010 has a function that calculates the number of words in a document. According to that function, there are 2,816 words in this brief.

/s/KENNETH B. CHAPIE
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant

## CERTIFICATE OF ELECTRONIC SERVICE

KENNETH B. CHAPIE states that on December 27, 2024, he did serve a copy of **Defendant's Reply in Support of its Motion for Summary Judgment** via the United States District Court electronic transmission.

/s/KENNETH B. CHAPIE
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7048
kchapie@gmhlaw.com
P66148